IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLAS COOPER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) No. 2:23-cv-02434 ) |
| v. | ) Hon. John W. Broomes ) |
| AMERICAN MULTI-CINEMA, INC. and AMC ENTERTAINMENT HOLDINGS, INC., d/b/a AMC THEATERS, | ) Magistrate Judge ) Hon. Brooks G. Severson ) ) |
| Defendants. | ) |

**NOTICE OF RELATED CASE AND REQUEST FOR TRANSFER
PURSUANT TO LOCAL RULE 40.1**

Defendants American Multi-Cinema, Inc. and AMC Entertainment Holdings, Inc. (together, "AMC") file this Notice of Related Case and request transfer of this case pursuant to D. Kan. Local Rule 40.1. Rule 40.1 states that "[i]n the interest of justice or to further the efficient disposition of the business of the court, a judge may return a case to the clerk for reassignment or, with the approval of the chief judge, may transfer the case to another judge who consents to such transfer." Rule 1 of the Federal Rules of Civil Procedure further directs that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Transfer is warranted here. This case ("*Cooper*") is related to an action previously assigned to Judge Toby Crouse: *Newman v. America Multi-Cinema, Inc.*, Case No. 2:23-cv-02358-TC-RES (D. Kan.) (the "*Newman* Action"). The *Newman* Action and *Cooper* are related cases. They both assert putative class action claims under Kansas common law arising out of a cyberattack on AMC's file-transfer application, MOVEit, which took place in June 2023. Plaintiffs' counsel in the *Newman* Action and *Cooper* also overlap. Milberg Coleman Bryson Phillips Grossman, PLLC

and McShane & Brady, LLC represent Plaintiff Melanie Newman. Likewise, McShane & Brady, LLC represents Plaintiff Nicholas Cooper. American Multi-Cinema, Inc. is a Defendant in both actions.[1]

The primary difference between the two actions is that Plaintiff Newman seeks to represent a class of current and former AMC *employees*, whereas Plaintiff Cooper seeks to represent current or former AMC *customers* (even though, as explained in AMC's Motion to Compel Arbitration, Mr. Cooper was himself an AMC employee). *See Newman* Dkt. 1, ¶¶ 134, 24; *Cooper* Dkt. 1, ¶ 69. Regardless, Plaintiffs' allegations, the claims asserted, and the recovery sought are largely the same. Thus, the *Newman* Action and *Cooper* will raise substantively similar questions of law and fact. Indeed, AMC has filed a Motion to Compel Arbitration in both actions, relying on practically identical facts and law. *See Newman* Dkts. 20, 21; *Cooper* Dkts. 13, 14.

Therefore, pursuant to Local Rule 40.1 and Fed. R. Civ. P. 1, AMC respectfully requests that this case be transferred to Judge Crouse. Transfer would "further the efficient disposition of the business of the court" by having a single judge resolve the similar questions of law and fact that the *Newman* Action and *Cooper* will undoubtedly raise. L.R. 40.1; *see also GemCap Lending I, LLC v. BancCentral Nat'l Ass'n*, 2019 WL 5310249, at *3 (D. Kan. Oct. 21, 2019) (transferring case under L.R. 40.1 because "[a] transfer will allow the same judicial officer to decide the overlapping issues of law and fact asserted in the two lawsuits, thereby promoting judicial efficiency and avoiding a risk of inconsistent rulings."); *Stoddard v. Oxy USA, Inc.*, 2017 WL 7370973, at *1 (D. Kan. Apr. 18, 2017) (ordering transfer because "judicial economy would be promoted by having a single judge resolve the issues surrounding such similar issues."). Moreover,

---

[1] Plaintiff's counsel in the *Newman* Action submitted an application for transfer to MDL No. 3083 on November 21, 2023, which AMC intends to oppose. AMC would also oppose any application for transfer of *Cooper*.

transfer would cause no inconvenience, delay, or expense to either party. Both the *Newman* Action and *Cooper* are in their initial stages, and both have a Motion to Compel Arbitration pending and are in the initial briefing stages.

For all these reasons, AMC requests that this Court transfer the above-captioned action to Judge Crouse.

Dated:  November 27, 2023

AMERICAN MULTI-CINEMA, INC. and
AMC ENTERTAINMENT HOLDINGS, INC.

By: */s/ Anna A. Gadberry*

| | |
|---|---|
| Matthew C. Wolfe (*pro hac vice*) | Anna A. Gadberry (Bar No. 79061) |
| Tara D. Kennedy (*pro hac vice*) | **SHOOK, HARDY & BACON L.L.P.** |
| **SHOOK, HARDY & BACON L.L.P.** | 2555 Grand Boulevard |
| 111 South Wacker Drive, Suite 4700 | Kansas City, MO  64108 |
| Chicago, IL  60606 | (816) 474-6550 |
| (312) 704-7700 | agadberry@shb.com |
| mwolfe@shb.com | |
| tkennedy@shb.com | |

## CERTIFICATE OF SERVICE

I, Anna A. Gadberry, an attorney, hereby certify that on **November 27, 2023,** I caused a true and correct copy of **NOTICE OF RELATED CASE AND REQUEST FOR TRANSFER PURSUANT TO LOCAL RULE 40.1** to be filed electronically. Notice of this filing will be sent through the Court's CM/ECF system to counsel of record.

 */s/ Anna A. Gadberry*